MARY WOLCOTT, APPELLANT, V. MERRITT DRUG STORES ET AL., APPELLEES.

FILED MAY 8, 1924.   No. 22628.

Pleading: MISJOINDER.   Where a petition jointly charges several defendants with wrongful and unlawful acts, a demurrer to the petition should be sustained on the ground of a misjoinder of causes of action unless concert of action among the several defendants is pleaded.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*Francis A. Mulfinger, Robert J. Webb* and *Lawrence W. Rice,* for appellant.

*Isidor Ziegler* and *James E. Rait, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ.

DEAN, J.

Austin and Mary Wolcott are husband and wife.   They reside at Omaha, where Mr. Wolcott is engaged in the tailoring business.   Mrs. Wolcott, plaintiff herein, sued to recover damages from the Merritt Drug Stores, a corporation, and Adolph Merritt, Jesse Merritt and Joseph Merritt, and Dr. F. A. Edwards, a licensed, practising physician and surgeon, on the alleged ground that defendants wrongfully and unlawfully sold to her husband certain deleterious drugs, namely, "drugs commonly known as morphine and opium or coca leaves, their salts, derivatives and preparations thereof," sometimes with and sometimes without pre-

scriptions therefor; and at times without labeling the boxes so as to reveal the nature of their contents and the amounts therein contained. Plaintiff alleges generally that her husband, by reason of defendant's unlawful sale and delivery to him of the drugs in question, thereby formed the "drug habit."

Each defendant demurred separately and in each demurrer it is charged, *inter alia,* that there is a misjoinder of causes of action. The demurrers were sustained. Plaintiff refused to plead further and the action was thereupon dismissed as to all defendants. On the theory that the court erred in its ruling, plaintiff has brought the record here for review.

The judgment of the trial court must be sustained. Counsel had the right to ask for and to obtain leave to file separate petitions against each of the defendants, but failed to avail themselves of the opportunity which was theirs under the law and the rules of practice. There is nothing pleaded which charges concert of action among the defendants. And it is clear that, unless such concert of action is shown, one defendant cannot be held for the unlawful act of another. The rule is that, where a petition jointly charges several defendants with the commission of an unlawful act, a demurrer to the petition should be sustained on the ground of an improper joinder of causes of action unless concert of action among the several defendants is pleaded.

The judgment is

AFFIRMED.

Note—See Pleading, 31 Cyc. p. 104.